IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SPENCER COX, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | Civil Action No. 5:20-CV-1046 |
| | § | |
| OLDE ENGLAND'S LION & ROSE RIM, | § | |
| LLC. D/B/A THE LION & ROSE BRITISH | § | |
| RESTAURANT AND PUB, AND ALLEN | § | |
| THARP, | | |
| | | |
| Defendants. | | |

## PLAINTIFF SPENCER COX' ORIGINAL COMPLAINT AND JURY DEMAND

### Introduction

1.      This is an action for retaliation under the Families First Coronavirus Response Act (FFCRA), the Emergency Paid Sick Leave Act (EPSLA), and by extension, the Fair Labor Standards Act (FLSA). Plaintiff Spencer Cox was formerly employed by Defendant Olde England's Lion & Rose Rim, LLC d/b/a The Lion & Rose British Restaurant and Pub as a bartender at Defendant's restaurant/bar located at 17627 La Cantera Pkwy, #103, San Antonio, Texas 78257. Plaintiff experienced COVID-19 symptoms, tested positive for the virus, and sought a leave of absence pursuant to orders that he received from medical professionals to quarantine. Defendant Tharp, acting on behalf of Defendant The Lion & Rose terminated Plaintiff's employment after informing Plaintiff's direct supervisor that Plaintiff and a co-worker had faked their diagnoses in order to have the Fourth of July weekend off. Plaintiff now brings this action for damages.

## Parties

2.      Plaintiff Spencer Cox is an individual residing at 4114 Medical Drive, Apt. 6307, San Antonio, Texas 78229.  He may be served with papers in this case through the undersigned counsel.

3.      Defendant Olde England's Lion & Rose Rim, LLC d/b/a The Lion & Rose is a limited liability company organized under the laws of the State of Texas.  Defendant Olde England's Lion & Rose Rim, LLC maintains its principal place of business at 16109 University Oak, San Antonio, Texas 78249.  It may be served through its registered agent, Allen Tharp, at 16109 University Oak, San Antonio, Texas 78249.

4.      Defendant Allen Tharp is the owner, manager, and operator of Defendant The Lion & Rose.  Under applicable laws, he is jointly and severally liable with Defendant The Lion & Rose for the violations complained of in this lawsuit.  Defendant Allen Tharp may be served at 16109 University Oak, San Antonio, Texas 78249, or wherever he may be found.

## Jurisdiction and Venue

5.      The Court possesses subject-matter jurisdiction over this case pursuant to 28 U.S.C. Section 1331 because Plaintiff brings his claim under a federal statute, the Emergency Paid Sick Leave Act, which is part of the Families First Coronavirus Response Act, and which incorporates by reference portions of the Fair Labor Standards Act.  The Court has personal jurisdiction over Defendants, as Defendant The Lion & Rose is organized under the laws of the State of Texas and it operates its restaurant/bar in Texas.  Defendant Allen Tharp is a citizen of Texas.  Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred in Bexar County.

**Cause of Action:  Retaliatory Discharge in Violation of FFCRA**

6.      Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 5 supra.

7.      Defendant Tharp operates a restaurant/bar known as the "The Lion & Rose" at The Rim shopping center in San Antonio, Texas.  Defendant is an employer within the meaning of the FFCRA and the EPSLA.  Defendant The Lion & Rose British Restaurant and Pub is owned, operated, and managed by Defendant Tharp.

8.      Starting in January of 2020, Plaintiff was employed by Defendants as a bartender at Defendant's restaurant/bar located at The Rim in San Antonio, Texas.

9.      On or about Thursday, July 2, 2020, Plaintiff developed COVID symptoms.  He contacted a friend who works in a laboratory.  The friend came to Plaintiff's apartment and conducted a COVID test.  The following day, Friday, July 3, the friend notified Plaintiff that he had tested positive for COVID and advised Plaintiff to quarantine.  Plaintiff contacted Defendant's manager on duty and advised that he had tested positive.  The manager in question told Plaintiff not to worry, and that he would tell the other managers.  Thereafter, Plaintiff heard from the Bar Manager, Jessica, who stated that she needed proof of the positive test.  Plaintiff also contacted Defendant Tharp, who instructed him to provide proof of his positive status.

10.     So on the following day, Plaintiff went to the Texas Med Clinic and underwent a Rapid test.  It also came back positive.  Plaintiff texted the results to Jessica.  He also emailed the results to Defendant Tharp.

11.     A couple of days later, Plaintiff checked the schedule and realized that his name was not on there.  He then talked to a manager on or about July 6 and was advised that he (the manager) had been instructed to terminate Plaintiff and the other bartender who had COVID.

12.     Plaintiff also learned that Defendant Tharp instructed his managers that anyone who tests positive for COVID was to be fired.  Upon information and belief, Defendant Tharp sent the general manager an email indicating that he (the general manager) was not permitted to offer anyone who used a positive COVID test result as an excuse not to come into work.  Plaintiff also learned that, on the afternoon of July 3, Defendant Tharp had sent at least one of the managers directing the managers to falsely inform the servers that Plaintiff actually did not test positive for COVID so that the servers would be willing to come to work.  In fact, Defendant Tharp made the decision to terminate Plaintiff and the other COVID-positive bartender on the same afternoon, July 3 shortly after learning about their COVID-positive status and need for time off from work.

13.     Under Section 5104 of the FFCRA, as amended by Section 3611(8) of the CARES Act, a covered employer may not discharge, discipline, or otherwise discriminate against an employee who takes leave in accordance with the Act.  An employer who willfully violates Section 5104 shall be considered to be in violation of section 15(a)(3) of the FLSA and is liable for lost wages, liquidated damages, and the other remedies outlined therein.

14.     Plaintiff avers that he was discharged from employment because he tested positive for COVID and requested time off from work because of it.

15.     As a result of his illegal discharge from employment, Plaintiff has lost wages and benefits for which he now sues.  Under the law, Plaintiff is also entitled to an award of liquidated damages as well as damages for emotional distress, mental anguish, humiliation, and damage to reputation.  Finally, because Plaintiff has been forced to retain legal counsel to vindicate his federally-protected rights, Plaintiff is entitled to an award of attorney fees.

**Jury Demand**

16.     Plaintiff demands a trial by jury

## Conclusion and Prayer

17.     Plaintiff prays that, upon final judgment, he be awarded the following from Defendants, jointly and severally:

a.  Lost wages and benefits;

b.  Liquidated damages;

c.  Compensatory damages for emotional distress, mental anguish, humiliation, and damage to reputation;

d.  Attorney fees;

e.  Costs of court;

f.  Post-judgment interest; and

g.  All other relief to which he is entitled.


Respectfully submitted,


/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
Galo Law Firm, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
Attorney for Plaintiff
Spencer Cox